UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ISRAEL LOPEZ,                              )
                                           )
    Plaintiff,                         )
                                           )
v.                                         )     Case No. 3:16-cv-287
                                           )     Judge Aleta A. Trauger
TENNESSEE VALLEY AUTHORITY,                )
                                           )
    Defendant.                         )

<u>MEMORANDUM</u>

Pending before the court are two related motions: 1) a Motion to Dismiss the Amended Complaint (Docket No. 16) filed by the defendant, Tennessee Valley Authority ("TVA"), to which the plaintiff, Israel Lopez, has filed a Response (Docket No. 26); and 2) a Motion to Amend the Amended Complaint (Docket No. 20), filed by Mr. Lopez, to which TVA has filed a Response (Docket No. 27). For the reasons discussed herein, Mr. Lopez's Motion to Amend will be granted and TVA's Motion to Dismiss will be denied as moot.

<u>BACKGROUND AND PROCEDURAL HISTORY</u>

This personal injury action arises from an accident that took place on December 3, 2014. According to the Amended Complaint, on that date, Mr. Lopez was struck by a vehicle owned by TVA and operated by Jason Oliver, while Mr. Oliver was performing his job as a TVA employee. The Amended Complaint alleges that the accident was caused by Mr. Oliver's negligence and express violations of Tennessee traffic laws. As a result of the accident, the Amended Complaint alleges, Mr. Lopez was severely injured, has endured pain and suffering, and has accrued medical and other expenses.

1

Mr. Lopez initiated this lawsuit on February 17, 2016, by filing a Complaint against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346 *et seq.* (the "FTCA"). (Docket No. 1.) The Complaint alleges that Mr. Lopez timely filed an administrative claim with TVA and that "[s]ix months [had] expired without a final disposition." (Docket No. 1 p. 2.) On March 8, 2016, Mr. Lopez filed the Amended Complaint, substituting TVA as the named defendant and no longer bringing the action under the FTCA or referencing an administrative claim, though no other changes were made to the underlying factual allegations. The Amended Complaint brings a personal injury claim against TVA pursuant to 16 U.S.C. § 831c-2 (the "TVA Act"), which creates the exclusive right of action for personal injury claims arising from the actions of TVA employees acting within the scope of their employment. (Docket No. 6.) The Amended Complaint seeks $5,000,000 in compensatory damages.

On April 21, 2016, TVA filed a Motion to Dismiss on the ground that Mr. Lopez's claim under the TVA Act is barred by the applicable one-year statute of limitations contained in Tenn. Code Ann. § 28-3-104(a)(1)(A), along with an accompanying Memorandum. (Docket Nos. 16, 17.)

On April 29, 2016, in response to the pending Motion to Dismiss, Mr. Lopez filed a Motion to Amend the Amended Complaint under Rule 15(a)(2), attaching a copy of the proposed Second Amended Complaint and the Declaration of Mr. Lopez's counsel, David High, along with a number of exhibits to the High Declaration. (Docket No. 20.) Mr. Lopez also filed an accompanying Memorandum of law. (Docket No. 21.) Mr. Lopez's Motion to Amend argues that the doctrine of equitable estoppel should bar TVA from asserting a statute of limitations defense and allow his personal injury claim to proceed, based on the additional factual

2

allegations contained in the proposed Second Amended Complaint and supported by the High Declaration.

According to the proposed Second Amended Complaint and the High Declaration, Mr. Lopez and his counsel were misled by the acts and omissions of TVA to believe that the FTCA applied to Mr. Lopez's claim and, accordingly, that Mr. Lopez's initial filing of this action in federal court was timely. Specifically, the proposed Second Amended Complaint alleges a claim for equitable estoppel based on correspondence between Mr. Lopez's counsel and counsel for TVA prior to the filing of the Complaint. This correspondence, which is attached to the High Declaration, can be summarized, in pertinent part, as follows:

- On May 21, 2015, Mr. High submitted to TVA a completed Standard Form 95 (an administrative claim form used to file claims with government agencies under the FTCA), explaining the basis for his claim against TVA, along with a letter asking for confirmation that Mr. Oliver was acting within the course and scope of his employment with TVA at the time of the accident. (Docket No. 20-2.)

- On May 26, 2015, James Chase, counsel for TVA, responded and stated that he would be the "point of contact regarding the claim." He also confirmed that Mr. Oliver was a TVA employee on the day of the accident and that TVA is a federal agency of the United States government. (Docket No. 20-3.)

- On May 29, 2015, Mr. High sent another letter to Mr. Chase, asking for confirmation that Mr. Oliver was acting within the scope of his employment at the time of the accident and that the matter is covered under the FTCA. (Docket No. 20-4.)

- On June 16, 2015, Mr. High followed up, again seeking a response to his May 29, 2015 letter. (Docket No. 20-5.)

- On July 31, 2015, Mr. Chase responded and confirmed that Mr. Oliver was acting within the scope of his employment at the time of the accident and again confirmed that TVA is a federal agency. In this letter, Mr. Chase asked for additional information from Mr. Lopez regarding the circumstances of the accident and medical records relating to his injuries and treatment, in order to "evaluate his claim." (Docket No. 20-6.) Nowhere in this letter – or in any of the subsequent correspondence attached to the High Declaration – did counsel for TVA expressly address Mr. High's request to confirm that the FTCA applies to this matter, or otherwise reference the FTCA or the TVA Act.

- On September 16 and 25, 2015, Mr. High sent letters to Mr. Chase providing additional information about the accident and attaching medical records and bills as well as release forms that would allow TVA to access Mr. Lopez's more complete medical records. (Docket No. 20-7 pp. 1-54.)

- On October 27, 2015, Mr. High sent another letter to Mr. Chase, attaching updated records and asking whether TVA would like "to try to resolve this matter administratively." The letter indicated that Mr. High would file suit on December, 1, 2015 if there was not yet any progress toward resolution. (*Id*. p. 95.)

- On November 6, 2015, Mr. Chase sent a letter to Mr. High asking for the release of additional medical records in order to "facilitate [TVA's] review and evaluation of Mr. Lopez's claim." (*Id*. p. 105.)

- On November 18, 2015, Mr. High emailed Mr. Chase stating: "We are coming up on our 6 months. You acknowledged receipt of the claim as of 5-21-15. I anticipate we will file suit unless you want to try to resolve this matter." (*Id*. p. 120.)

4

- On December 30, 2015, Mr. High sent a letter to Mr. Chase indicating that all of the requested records had been made available and asking for a response by the end of January 2016 as to whether TVA would like to resolve the matter or Mr. Lopez should proceed with filing a claim in federal court. (*Id*. p.123.)

- On February 1, 2016, Mr. High sent a follow-up letter to Mr. Chase, asking for a response to his December 30, 2015 letter. (*Id*. p. 128.) On that same day, Mr. Chase sent a letter to Mr. High, stating: "Based on a full review of the facts and information provided by Mr. Lopez, we do not think there is a basis for TVA to make a substantial offer to Mr. Lopez." (*Id*. p. 126.)

Nowhere in the letters from Mr. Chase to Mr. High does Mr. Chase clarify that, under the TVA Act, there is no administrative claim procedure for claims against TVA, despite Mr. High's use of the Standard Form 95 (for administrative claims under the FTCA) and his reference to resolving Mr. Lopez's claim "administratively."

On May 13, 2016, Mr. Lopez filed a Response to TVA's Motion to Dismiss, arguing that this motion should be rendered moot by the granting of the plaintiff's Motion to Amend and the filing of the proposed Second Amended Complaint containing the additional factual allegations listed above. (Docket No. 26.)

On May 20, 2016, TVA filed a Response in opposition to Mr. Lopez's Motion to Amend. (Docket No. 27.)

## ANALYSIS

The parties do not dispute at this point that the TVA Act, and not the FTCA, governs Mr. Lopez's personal injury claim against TVA. This action was initially filed under the FTCA in error and has subsequently been amended to reflect the proper legal basis for suit. Indeed, the

FTCA expressly states that its provisions do not apply to "any claim arising from the activities of the Tennessee Valley Authority." 28 U.S.C. § 2680(l). The TVA Act, to the contrary, provides the exclusive right of action for personal injury claims arising from the conduct of a TVA employee acting within the scope of his employment. 16 U.S.C. § 831c-2(a)(1). Moreover, the parties do not dispute that, while this action would have been timely under the FTCA's two-year statute of limitations (*see* 28 U.S.C. § 2401(b) (providing that FTCA claims must be presented to a defendant agency for administrative exhaustion within two years of the date of injury and filed in federal court within six months of the final denial by the agency)), Mr. Lopez's action is untimely under the TVA Act. *See Hill v. Tennessee Valley Auth.*, No. 99-6633, 2000 WL 1888494, at *2 (6th Cir. Dec. 18, 2000) (citing *Wayne v. Tennessee Valley Auth.*, 730 F.3d 392, 398 (5th Cir. 1984)) (holding that, because the TVA Act contains no statute of limitations, the state law statute of limitations for the type of claim applies); *Cobb v. Tennessee Valley Auth.*, 595 F. App'x 458, 459 (6th Cir. 2014) (personal injury action against TVA in federal court was subject to Tennessee's one-year statute of limitations); Tenn. Code Ann. § 28-3-103(a)(1)(A) (providing that, under Tennessee law, personal injury actions must be brought within one year after the cause of action accrued).

Unlike the FTCA, the TVA Act does not contain an administrative exhaustion requirement but requires only that a plaintiff bringing a personal injury action confirm that the TVA employee whose conduct caused the plaintiff's injury was acting within the scope of his TVA employment. 16 U.S.C. 831c-2(b). Because Mr. Lopez was injured on December 3, 2014 and did not file suit in federal court until February 17, 2016, his claim was filed outside of the one-year limitations period and, absent any basis to toll the limitations period, would be subject to dismissal. The parties do not dispute, however, that the Motion to Dismiss for untimeliness

6

would be rendered moot were the court to grant Mr. Lopez's Motion to Amend and allow him to file his proposed Second Amended Complaint.

A motion for leave to amend a pleading under Rule 15(a)(2) should be freely granted where justice so requires. *Foman v. Davis*, 371 U.S. 178, 230 (1962). However, a motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman,* 371 U.S. at 182). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

There is no evidence of undue delay, bad faith, or dilatory motive on the part of Mr. Lopez, who filed the currently pending Motion to Amend as soon as TVA moved to dismiss his action, and he realized that untimeliness was a defense that would be asserted by TVA.[1] Mr. Lopez did amend his pleadings when he became aware that the TVA Act, and not the FTCA, governed his claim. He could have anticipatorily pled an equitable estoppel claim, since he then knew he was beyond the statute of limitations, but untimeliness here is a defense that he had no way of knowing TVA would raise, given its prior conduct relative to his claim. Moreover, the court finds that there is no evidence of prejudice to TVA by allowing the amendment. TVA was

---

[1] Indeed, based on the allegations in the proposed Second Amended Complaint, this was perhaps the first indication Mr. Lopez received that the prior communications between his counsel and counsel for TVA might have been intended to mislead him into an untimely filing, rather than simply being the product of a mutual mistake as to the applicability of the FTCA to Mr. Lopez's claim.

aware of Mr. Lopez's claim within six months after the accident took place and it has had the opportunity to review Mr. Lopez's medical records and other information about the accident, all while understanding that there was a chance Mr. Lopez would file a claim in federal court if a resolution was not reached. Moreover, the claim was initially filed in federal court only three months after the one-year statute of limitations expired, the pleadings were amended to reflect the proper legal basis for the claim just one month later, and the Motion to Amend was filed just one month after that. The parties have not yet begun discovery and no pretrial deadlines have been set. It appears to the court that the only adverse consequence to TVA, if the Motion to Amend is granted, is that it will not be able to exploit Mr. Lopez's earlier mistaken belief that his claim is governed by the FTCA, the very mistake that he alleges was induced by TVA.

Thus, the only question before the court is whether the allegations in Mr. Lopez's proposed Second Amended Complaint provide a plausible basis for a claim of equitable estoppel, which would allow Mr. Lopez's action to proceed despite its untimely filing. TVA argues that the Motion to Amend should be denied as futile in that the allegations do not establish equitable estoppel as a matter of law, and Mr. Lopez's claim remains subject to dismissal. For the reasons discussed below, the court disagrees and finds that the proposed Second Amended Complaint establishes a proper basis for equitable estoppel. Therefore, the court will grant Mr. Lopez's Motion to Amend and deny as moot the Motion to Dismiss.

Federal courts "generally refer[] to state law for tolling rules" when reviewing state law claims with corresponding state law statutes of limitation. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *accord Hardin v. Straub*, 490 U.S. 536, 538-44 (1989). While this action is brought pursuant to 16 U.S.C. § 831c-2, the underlying personal injury claim arises under Tennessee law, and the court is applying the Tennessee statute of limitations; therefore Tennessee's equitable

estoppel doctrine applies as well. Under Tennessee's doctrine of equitable estoppel, the statute of limitations is tolled where the defendant has "misled the plaintiff into failing to file suit within the statutory limitations period." *Redwing v. Catholic Bishop*, 363 S.W.3d 436, 460 (Tenn. 2012) (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 145 (Tenn. 2001)). In order to invoke the doctrine of equitable estoppel to defeat a statute of limitations defense, the plaintiff has the burden of demonstrating that the defendant "induced him or her to put off filing suit by identifying specific promises, inducements, suggestions, representations, assurances, or other similar conduct by the defendant that the defendant knew, or reasonably should have known, would induce the plaintiff to delay filing suit" and that "the delay in filing suit was not attributable to [the plaintiff's] own lack of diligence." *Id.* at 461. "The focus of an equitable estoppel inquiry 'is on the defendant's conduct and the reasonableness of the plaintiff's reliance on that conduct.'" *Id.* (quoting *Hardcastle v. Harris*, 170 S.W.3d 67, 85 (Tenn. Ct. App. 2004)). Once the plaintiff is aware that he has been misled, the statute of limitations begins to run anew. *Id.*

The following alleged actions could have reasonably misled Mr. Lopez to believe that his claim was being handled as an administrative claim by TVA and that it was proper to postpone filing suit until a final agency decision had been reached: 1) TVA's acceptance, without comment or clarification, of Mr. Lopez's Standard Form 95 for administrative claims under the FTCA; 2) TVA's assignment of a lawyer as a point of contact for "the claim;" 3) TVA's subsequent requests for medical records and additional information (that Mr. Lopez might not have been willing to share, had he known there was no administrative claim process for personal injury claims against TVA); and 4) TVA's failure to correct Mr. Lopez's repeated express assumption that the claim was being brought pursuant to the administrative exhaustion

9

requirements of the FTCA. Likewise, TVA reasonably should have known that these actions would induce Mr. Lopez to fail to timely file his action in federal court.[2] Mr. Lopez allegedly did not discover that the FTCA does not apply to his claim until after initiating this action and did not discover that TVA may have intentionally misled him until TVA filed its Motion to Dismiss. Even if TVA's actions only warrant tolling the limitations period for the months between May 2015 and February 2016, when Mr. Lopez believed that TVA was processing his claim as an administrative one, Mr. Lopez's Motion to Amend is well within the renewed limitations period.

TVA argues that Mr. Lopez cannot meet his burden to establish equitable estoppel because his delay in filing suit is attributable to his own lack of diligence in failing to uncover the proper legal basis for his claim. The court recognizes that the statutory provisions and case law showing that the TVA Act governs Mr. Lopez's claim were available to Mr. Lopez and his counsel all along and could have easily been uncovered within the limitations period. The court does not, however, find that this fact alone demonstrates a lack of diligence on the part of Mr. Lopez that defeats his equitable estoppel claim, in light of the other allegations. To the contrary, according to the allegations in the proposed Second Amended Complaint, Mr. Lopez brought his claim to the attention of TVA within six months after the accident took place, diligently followed

_____

[2] TVA points to Mr. High's October 27, 2015 letter, in which he stated that he anticipated filing suit on December 1, 2015, as evidence that TVA did not intend to mislead Mr. Lopez. TVA is correct that, had Mr. Lopez filed suit on December 1, 2015, he would have been within the one year limitations period for a personal injury action (albeit with only two days to spare). This in no way, however, undermines, all of the preceding correspondence from TVA that Mr. Lopez reasonably understood to mean that TVA was processing his claim as an administrative one, nor the correspondence that took place after December 1, 2015, continuing to seek a resolution. There is no indication in the October 27, 2015 letter that Mr. High selected the December 1, 2015 date out of any awareness of a statute of limitations deadline or the inapplicability of the FTCA. Nor is there any evidence that TVA relied on this letter throughout its course of dealings with Mr. High.

10

up with TVA through a voluminous correspondence that included sending TVA numerous requested documents and records, made TVA aware of his intention to file suit if the matter was not resolved, and trusted in what appeared to be TVA's confirmation that the claim was being processed administratively. Therefore, the court finds that the allegations show that Mr. Lopez was quite diligent in pursuing his claim, just under the wrong statutory framework. The actions of TVA, in response to this pursuit, however, induced Mr. Lopez to believe that his claim was being properly subject to administrative exhaustion, which is the reason he failed to uncover the proper legal foundation for his claim.

TVA cites several cases to support its assertion that an induced mistake of law – that could have been corrected through the plaintiff's own diligent research – is not grounds for equitable estoppel. All of these cases, however, can be distinguished, in that they are not cases where a federal agency made misrepresentations about the process for filing a claim against it or induced the plaintiff to mistakenly believe that an administrative process was being followed. TVA argues that this case is factually analogous to *Clark v. Nissan Motor Manufacturing Corporation U.S.A.* (No. 97-5956, 1998 WL 786892 (6th Cir. Oct. 26, 1998)). *Clark* holds that equitable estoppel is not available to toll the statute of limitations where the defense counsel misrepresents the law to counsel for the plaintiff and the plaintiff's counsel then fails to conduct his own legal research that would have uncovered the error. *Clark*, 1998 WL at *4. Unlike in *Clark*, however, the defendant in this action is the very government agency created by the statute that governs the plaintiff's claim. Accordingly, its repeated misrepresentations that made it appear that it was processing Mr. Lopez's claim as an administrative claim under an entirely different statute provides far more reasonable grounds for Mr. Lopez being induced to fail to uncover the proper legal basis for his claim. Similarly, in *Cunningham v. Interlake Steamship*

*Company*, equitable estoppel was denied where a non-governmental defendant remained silent and allowed a plaintiff to voluntarily dismiss his claim, without correcting the plaintiff's mistaken belief that a subsequent filing of the claim would not be barred by the statute of limitations. 567 F.3d 758, 760-61 (6th Cir. 2009). While the court in *Cunningham* found no duty for the defense counsel to correct the plaintiff's counsel's legal error, the facts of that case are very different from the instant case, in which a governmental agency actively misled a plaintiff – over a period of months – into believing that it was processing an administrative claim under the FTCA, when in fact the FTCA does not even apply to claims against it. *Keyse v. California Texas Oil Corporation* is likewise distinguishable because, even though the court denied equitable estoppel based on misrepresentations to the plaintiff by an EEOC agent, there is nothing in the opinion to indicate that the plaintiff's counsel, representing her at the time, was actually misled by any error of law conveyed by the agency. 590 F.2d 45, 47-48 (2d Cir. 1978).

Even assuming that the heightened burden, under federal law, to invoke equitable estoppel against a defense asserted by a government agency (*see, e.g., Michigan Express, Incorporated v. United States*, 374 F.3d 424 (6th Cir. 2004)) applies in the context of tolling a statute of limitations under Tennessee law, the court finds that the plaintiff has still stated a plausible claim for equitable estoppel against TVA. TVA argues that it made no affirmative misrepresentations but, rather, simply omitted to inform Mr. Lopez that the FTCA did not apply or that his claim should be brought pursuant to the TVA Act. The court does not accept this as the only plausible interpretation of the allegations in the proposed Second Amended Complaint. Instead, the allegations show that TVA took affirmative actions to make it seem that TVA was processing Mr. Lopez's claim through the administrative procedures outlined in the FTCA and implemented through Standard Form 95. This case is distinguishable from cases cited by TVA

12

where equitable estoppel was denied because the government agency defendant did *not* take any affirmative action to induce the plaintiff to miss the filing deadline. *See Lehman v. United States*, 154 F.3d 1010, 1016-17 (9th Cir. 1998) (no equitable estoppel where the government defendant made representations about settling the case but did not do anything to make the plaintiff think the statute of limitations was different than it was); *Resolution Trust Corp. v. Cheshire Mgmt. Co.*, 842 F.Supp. 295, 299 (W.D. Tenn. 1992) (no equitable estoppel where government defendant took no action beyond failing to reply to a letter and where, rather than seeking to estop the government from asserting a particular defense, the plaintiff sought to waive the underlying law so as to allow a windfall recovery, which is not a permissible use of equitable estoppel against the government); *Forman v. United States*, No. 98-6784, 1999 WL 793429, at *11 (E.D. PA Oct. 24, 2000) (finding no equitable estoppel based on the government defendant's failure to inform the plaintiff that the limitations period had expired, where the plaintiff's failure to timely file was in no way induced by the defendant); *Williams v. Army & Air Force Exch. Serv.*, 830 F.2d 27, 31 (3d Cir. 1987) (no equitable estoppel where the government defendant's representation to the plaintiff's counsel was actually correct and was not the reason for the plaintiff's untimely filing). In this case, TVA knowingly took repeated affirmative actions that induced Mr. Lopez to miss the filing deadline for his claim, and Mr. Lopez seeks only to estop TVA from now asserting an untimeliness defense.

Accordingly, the court finds that the claim for equitable estoppel in the proposed Second Amended Complaint is not futile and would survive a Rule 12(b)(6) motion to dismiss.

## <u>CONCLUSION</u>

For the foregoing reasons, the court finds that Mr. Lopez has established a proper basis to amend the Amended Complaint to add a claim for equitable estoppel that would allow his

13

personal injury claim to proceed on the merits. Accordingly, Mr. Lopez's Motion to Amend will

be granted and TVA's Motion to Dismiss will be denied as moot.

An appropriate order will enter.

ALETA A. TRAUGER
United States District Judge